# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>              Plaintiff )<br>)<br>v.    )<br>)<br>)<br>SCOTT A. BENNETT,    )<br>              Defendant )  | Crim. Case No. 08 -35(AK)<br>Honorable Magistrate Judge Alan Kay |

### DEFENDANT'S MOTION AND MEMORADUM IN SUPPORT
### THEREOF TO AMEND THE SENTENCE IMPOSED

COMES NOW, Scott A. Bennett, through counsel, Jeffrey B. O'Toole, and respectfully requests this court to amend the sentence imposed on August 22, 2008 and in support offers the following:

### I. INTRODUCTION

On August 22, 2008 Scott A. Bennett appeared before this Honorable Court and entered a plea of guilty to one count of, by aiding and abetting, Attempted Improper Entry by an Alien in violation of 8 U.S.C. Sec. 1325(a) and 18 U.S.C. Sec. 2. Sentencing was imposed on the same day. There was no presentence report prepared, as agreed to by the parties and accepted by the court. As this is a Class B or Class C misdemeanor, USSG Sec. 1B1.9 of the sentencing guidelines does not apply. Counsel for Mr. Bennett submitted a brief memorandum in aid of sentencing to give the court some background before it imposed sentence. Counsel on behalf of Mr. Bennett requested a sentence of probation and that that probation be unsupervised. By agreement with the Government that request was unopposed. The Court did impose probation but made that probation supervised until such time as Mr. Bennett enters the military, the date of which is unknown at this time. One of the terms of the probation is that Mr. Bennett is

prohibited from owning a firearm. Another is that he may not leave the immediate area without prior approval from the court of the probation officer.

## II. REQUEST TO MODIFIY THE TERMS OF PROBATOIN

As stated above, the parties agreed before sentencing that the United States would not oppose a sentence of unsupervised probation in this misdemeanor case. However, to be sure, no promises were made to Mr. Bennett as to what the court would impose and Mr. Bennett completely acknowledges that the court assured itself of that before it accepted the plea. At the same time, though, it is clear that the agreement between the parties was a long time in the making and reflected the manner in which the parties viewed the resolution of this case.

The standard probation conditions, attached to this motion for the court's convenience, include 13 general conditions, the vast majority of which do not apply in this case and which cause Mr. Bennett no concern, of course. However, at least one of the general conditions, number (1), prohibits him from leaving the metropolitan area without permission of the court or the probation officer. We respectfully suggest that in light of the parties' agreement beforehand that condition is unnecessary and quite restrictive under the circumstances of this case.

As to the special conditions, Mr. Bennett is prohibited from possessing a firearm or any other dangerous weapon. Mr. Bennett is a recreational hunter has been approved by all appropriate jurisdictions to own a weapon and is licensed and legally permitted to hunt, recreationally. The special condition on the probation form prohibiting him from not only owning but from possessing a weapon is a significant restrictive condition, one which respectfully is unnecessary and unrelated to the facts of this misdemeanor matter. We continue to be mindful of the stern words delivered to Mr. Bennett and took them seriously then, do now, and Mr. Bennett will do so forever. However, we respectfully urge the court to separate the serious view with which the court is certainly entitled to and does take of the facts of this case

from the ability of Mr. Bennett to continue to hunt recreationally and legally and perhaps to travel outside of the immediate metropolitan area without permission to do so.

While counsel was not able to contact Ms. Campbell to request the agreement of the United States with this request, we respectfully suggest that such agreement can be implied in light of the fact that the United States did not oppose unsupervised probation all together.

ACCORDINGLY, we respectfully request that the court amend the probation order to remove the travel restriction and firearm possession restriction, leaving the rest of the conditions intact.

Respectfully submitted,

/s/ Jeffrey B. O'Toole

Jeffrey B. O'Toole
1350 Connecticut Avenue, NW
Suite 200
Washington, D.C. 20036
(202) 775-1550
Counsel for Scott Bennett

Certificate of Service

This is to certify that a copy of the foregoing Motion and Memorandum in Support Thereof to Amend the Sentence was mailed, postage prepaid, and emailed, this 5th day of September, 2008 to Rhonda Campbell, Esq. AUSA, 555 4th Street, NW, Washington, DC, 20001, counsel for the United States.

/s/ Jeffrey B. O'Toole
_____
Jeffrey B. O'Toole

Case 1:08-mj-00035-AK    Document 7    Filed 09/05/2008    Page 4 of 4

PROB 7A
(Rev. 9/00)

Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

To: Scott Bennett                                    Docket No.: 08-035M-01

Address: 1311 Delaware Avenue, SW, #S-634

Washington, DC

Under the terms of this sentence, the defendant has been placed on [X] probation [ ] supervised release by the Honorable Alan Kay, United States Magistrate Judge for the District of Columbia. The defendant's term of supervision is for a period of three (3) years, commencing August 22, 2008.

While on [X] probation [ ] supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of probation/supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any schedule of payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

> [X] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1) The defendant shall not leave the District of Columbia Metropolitan area without the permission of the court or probation officer;

(2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

PROB 7A
(Rev. 9/00)

Page Two

(3)     The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)     The defendant shall support his or her dependents and meet other family responsibilities;

(5)     The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(6)     The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)     The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)     The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)     The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

(10)     The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)     The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

(12)     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**
8-22-2008: Thirty-six (36) months probation (to become unsupervised when defendant reports for military duty); $10 special assessment.

PROB 7A

Page Three

(Rev. 9/00)

    Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

    These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____      8/22/08
               Defendant                        Date

_____     8/22/08
U.S. Probation Officer/Designated Witness        Date

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, )<br>       Plaintiff ) | | |
|               ) | | |
| v.            ) | Crim. Case No. 08 -35(AK) | |
|               ) | Honorable Magistrate Judge Alan Kay | |
|               ) | | |
| SCOTT A. BENNETT,    ) | | |
|       Defendant ) | | |

### ORDER

  This matter is before the court on Defendant, Scott A. Bennett's, Motion to Amend his sentence imposed on August 22, 2008 to remove the restriction to travel outside of the immediate Metropolitan area without prior approval and the prohibition of his possession of a firearm.

  In light of that motion, and upon consideration of it and the entire file and any response by the United States, and having found good cause to do so, the court, does hereby

  GRANT defendant's motion, and it is

  FURTHER ORDERED, that the requirement that he obtain prior approval before traveling outside of the metropolitan area and the prohibition of his possessing a firearm are removed from the conditions of probation.

_____
Magistrate Judge Alan Kay

Copies to counsel for the parties:
Jeffrey B. O'Toole, Esq.
Rhonda Campbell, AUSA